1  David R. Sugden, Bar No. 218465
   dsugden@calljensen.com
2  Jacqueline Beaumont, Bar No. 253776
   jbeaumont@calljensen.com
3  CALL & JENSEN
4  A Professional Corporation
   610 Newport Center Drive, Suite 700
5  Newport Beach, CA  92660
   Tel:   (949) 717-3000
6  Fax:   (949) 717-3100

7  Attorneys for Plaintiff Power Balance, LLC
8

FILED
2010 NOV -9 PM 3:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER BALANCE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>POWER FORCE, LLC, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV10-1726 MLG<br><br>COMPLAINT FOR<br>1. INFRINGEMENT OF TRADEMARK (15 U.S.C. § 1125(a))<br>2. INFRINGEMENT OF TRADE DRESS (15 U.S.C. § 1125(a))<br>3. UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT<br>4. UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200 et seq.)<br>AND DEMAND FOR JURY TRIAL<br><br>Complaint Filed:<br>Trial Date:       None Set |

CALL & JENSEN
A PROFESSIONAL CORPORATION

POW04-05:720118_1:11-9-10

- 1 -

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff POWER BALANCE, LLC ("Plaintiff" or "Power Balance") hereby alleges as follows:

## PRELIMINARY STATEMENT

1. By this Complaint, Plaintiff Power Balance, LLC ("Plaintiff" or "Power Balance") seeks injunctive relief, damages, and other remedies provided for by law to remedy injuries caused by Defendant POWER FORCE, LLC's ("Power Force" or "Defendant") conduct misappropriating Power Balance's distinctive trademarks and trade dress, and for Defendant's unfair competition in violation of California and United States laws.

2. Power Balance is a company that specializes in hologram performance technology. Power Balance pioneered the market for silicone wristbands containing charged holograms and is the leading manufacturer and marketer of this product. In an attempt to trade on the fame of Power Balance's wristbands and the good will developed by Power Balance, Defendant developed and sold a silicone wristband product that features characteristics that are confusingly similar to Power Balance's product. Power Balance seeks compensatory and punitive damages, restitution, and temporary and permanent injunctive relief, as set forth more fully below and in the accompanying Prayer for Relief.

## PARTIES

3. Plaintiff Power Balance, LLC, is and was at all times mentioned in this Complaint a limited liability company organized and existing under the laws of Delaware, with a principal place of business located at 30012 Ivy Glenn, Suite 170, Laguna Niguel, California, 92677.

4. Defendant Power Force, LLC is, and was at all times mentioned in this complaint, a limited liability company organized and existing under the laws of Alabama whose members, on information and belief, are residents of Alabama.

5. Plaintiff is ignorant of the true names and capacities of defendants sued as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, DOES 1-10 were the agents and employees of their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment or were otherwise responsible for the damages complained of by Plaintiff. Plaintiff will amend this Complaint to allege its true names and capacities when ascertained.

## JURISDICTION AND VENUE

6. This is an action for infringement of trademark pursuant to 15 U.S.C. §§ 1125 for false designation of origin under the Lanham Act, unfair competition and trade dress infringement, and unfair business practices under California Business and Professions Code § 17200 *et seq*.

7. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1138, and under 15 U.S.C. § 1125.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) in that Defendants are subject to personal jurisdiction in this district, and a substantial part of the events giving rise to the claim occurred in this district, and Defendants have targeted their harm and injury to Plaintiff whose principal place of business is in this district.

9. Defendant is subject to personal jurisdiction in this district under Federal Rules of Civil Procedure Rule 4(k)(1)(A) and California Code of Civil Procedure section 410.10. Defendant has purposely availed itself of the privilege of doing business in California by (1) maintaining a website available to California residents that allows California residents to enter into contracts with Defendant, (2) entering contracts

with California residents through the website, (3) reaching out specifically to California residents by email to sell the products.

## FACTUAL ALLEGATIONS

10. At all times mentioned in this Complaint, Power Balance has been engaged in the business of manufacturing and marketing, among other things, silicone wristbands containing holograms. Power Balance has inserted wearable holograms in the products it sells, including pendants, wallet cards, and its most popular product—wristbands.

11. Power Balance pioneered the market for silicone hologram wristbands, gaining an international reputation and popularity for its products. Widespread use of Power Balance products by celebrated professional athletes and other media figures has resulted in high-profile visibility of the Power Balance hologram silicone wristband product, its trademark, trade dress, and brand. The product has also been popularized through international press coverage. Power Balance maintains distribution channels for its products throughout the world.

12. Subsequent to Power Balance's wristbands' gaining public notoriety, knock-off products began cropping up. One of these products is a wristband produced and sold by Defendant, the "Power Force Power Band" wristband.

13. On information and belief, on or around October 1, 2010, or shortly prior to that date, Defendant began offering the knock-off "Power Force Power Band" wristbands for sale at collegiate athletic events, on its website, http://www.powerforcellc.com, and in retail outlets including collegiate and university bookstores. Defendant has obtained licensing agreements with around 100 universities nationwide to promote and sell wristbands with university logos or insignia on them. Defendant also engages in sales at university athletic events, and at one recent event, sold approximately 20,000 wristbands.

///

14. Only two photographs are necessary to demonstrate the outrageousness of Defendant's knock-off product. A side-by-side comparison proves beyond any reasonable doubt that Defendant's product is virtually identical to Power Balance's wristband, and that it intentionally creates confusion in the marketplace and infringes the trademark and trade dress of Power Balance.

**Fig. 1 (Power Balance wristband):**   **Fig. 2 ("Power Force Power Band" ):**

 

15. In fact, on information and belief, Defendant produced the graphic depictions of its wristbands that it displays on its website by copying the depictions of authentic Power Balance wristbands on Plaintiff's website and using a computer program to modify the image.

16. Defendant's bands unfairly and illegally create confusion in the marketplace, misleading consumers to believe that "Power Force Power Band" wristbands are associated with or come from Power Balance, and creating irreparable harm to Power Balance.

///
///
///
///
///

## FIRST CAUSE OF ACTION

### (Infringement of Trademark [Lanham Act, 15 U.S.C. § 1125(a)])

### (Against Power Force, LLC)

17. Power Balance re-alleges each and every allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them as though fully set forth by this reference herein.

18. Power Balance identifies and distinguishes its silicone hologram wristband products from those manufactured or sold by others by marking its wristbands with a distinctive logo in the shape of a circular hologram encompassed by an ovalized diamond shape, which is enclosed on either side by raised brackets (the "Oval Mark").

19. Power Balance further identifies and distinguishes its products from those manufactured or sold by others by marking its goods with a logo in the form of a distinctive, stylized, capitalized, and raised silicone two-word phrase ("Power Balance") separated by a dot.

20. Both the Oval Mark and the Word Mark indicate that the goods bearing those marks come from a common source.

21. As used on silicone wristbands, the Oval Mark and the Word Mark are inherently distinctive.

22. Furthermore, as used on silicone wristbands, the Oval Mark and Word Mark have acquired secondary meaning as a result of the fame and recognition they have achieved through use of Power Balance's wristbands by celebrated professional athletes and other media figures, as well as Power Balance's extensive advertising, sales, and exclusive continuous use.

23. Power Balance first used the Oval Mark and the Word Mark in commerce in April 2009, in connection with the sale of its wristband products. The market for Power Balance wristbands encompasses all of the United States as well as several other countries. Power Balance's rights in the Oval Mark and the Word Mark, therefore, extend at least throughout the United States.

24. Subsequent to the time Power Balance began using the Oval Mark and the Word Mark on its wristbands, Defendant began selling silicone wristbands bearing confusingly similar marks. In particular, Defendant's products bear a logo in the form of a circular college team logo encompassed by an ovalized diamond shape, which is enclosed on either side by raised brackets (the "Infringing Oval Mark") and featured on the side of a silicone wristband. Defendant's products also bear a logo in the form of a stylized, capitalized, and raised silicone two-word phrase ("Power Force") separated by a dot (the "Infringing Word Mark"), that is confusingly similar to that of Power Balance. The nearly-identical nature of the knock-off product is viewed in the side-by-side comparison of Figures 1 and 2, at paragraph 14 above.

25. The use by Defendant of the Infringing Oval Mark and the Infringing Word Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Power Balance.

26. The use by Defendant of the Infringing Oval Mark and the Infringing Word Mark is also likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods by Power Balance.

27. The use by Defendant of the Infringing Oval Mark and the Infringing Word Mark in its commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of its goods by representing to the purchaser that Defendant's products have the same nature, characteristics, qualities, and origin as Power Balance's products.

28. Defendant's use of the Infringing Oval Mark and the Infringing Word Mark has damaged and is likely to continue to damage Power Balance's good will in the Oval Mark and the Word Mark and has resulted in lost sales and other actual damages.

29. As a direct and proximate result of Defendant's use of the Infringing Oval Mark and the Infringing Word Mark, Defendant obtained unlawful profits to the detriment of Power Balance. Power Balance is entitled to restitution of all monies

improperly diverted from Power Balance due to Defendant's infringement of Plaintiff's trademarks.

30. Unless restrained, Defendant will continue to use the Infringing Oval Mark and the Infringing Word Mark to Power Balance's great and irreparable injury, for which damages will not afford adequate relief. Power Balance is therefore entitled to an injunction ordering Defendant to cease and desist from using marks that are confusingly similar to the Oval Mark and the Word Mark, and to deliver up for destruction all products bearing marks or trade dress that is similar to Power Balance's trademarks and trade dress.

31. Power Balance is informed and believes and on the basis of that information and belief alleges that Defendant committed its acts of infringement willfully and maliciously in that Defendant intended by its conduct to gain business and a share of the wearable hologram market at the expense of Power Balance's profits and market share; and to create customer confusion regarding the source of "Power Band" products. Defendant's conduct justifies an award of exemplary damages.

32. Power Balance is entitled to recover its costs, including attorney's fees, under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION
### (Infringement of Trade Dress [Lanham Act, 15 U.S.C. § 1125(a)])
### (Against Power Force, LLC)

33. Power Balance re-alleges each and every allegation set forth in Paragraphs 1 through 32, inclusive, and incorporates them as though fully set forth by this reference herein.

34. Power Balance manufactures and sells 100% surgical grade silicone wristbands bearing distinctive trade dress consisting of (a) a distinctive shape wherein the wristband widens to encompass two of the Oval Marks on opposite sides of the

band, (b) the Oval Marks, and (c) the Word Mark featured on the side of the wristband between the two Oval Marks.

35. The design features that constitute Power Balance's trade dress do not affect the cost or quality of the product.

36. As a result of the sales and advertising by Power Balance and the fame it has acquired through use by high-profile people, the trade dress of Power Balance's silicone wristband product has acquired secondary meaning to potential purchasers, in that potential purchasers have come to associate silicone wristband products bearing the trade dress with Power Balance.

37. Subsequent to Power Balance's use and adoption of the above-mentioned trade dress, Defendant developed, advertised, and sold a silicone wristband that uses advertising, trade dress, and product design that is confusingly similar to Power Balance's trade dress. In particular, Defendant's wristbands consist of a thin, 100% surgical grade silicone wristband that include (a) a distinctive shape wherein the wristband widens to encompass the Infringing Oval Marks, (b) the Infringing Oval Marks, and (c) the Infringing Word Mark located on the side of the wristband between the Infringing Oval Marks.

38. Defendant's use of these features in connection with its wristbands constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Power Balance. Furthermore, Defendant's false designation of origin, when used in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods by representing to consumers that Defendant's products have the same nature, characteristics, qualities, and origin as Power Balance's products.

39. Defendant's use of these features in connection with its wristbands constitutes a false or misleading description of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of

Defendant with Power Balance. Furthermore, Defendant's false or misleading description of fact, when used in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods by representing to consumers that Defendant's products have the same nature, characteristics, qualities, and origin as Power Balance's products.

40. Defendant's use of these features and packaging in connection with its wristbands constitutes a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Power Balance. Furthermore, Defendant's false or misleading representation of fact, when used in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods by representing to consumers that Defendant's products have the same nature, characteristics, qualities, and origin as Power Balance's products.

41. Defendant's use of trade dress that is confusingly similar to Power Balance's trade dress has damaged and is likely to continue to damage Power Balance's good will in its trade dress and has resulted in lost sales and other actual damages.

42. As a direct and proximate result of Defendant's use of trade dress that is confusingly similar to Power Balance's trade dress, Defendant obtained unlawful profits to the detriment of Power Balance. Power Balance is entitled to restitution of all monies improperly diverted from Power Balance due to Defendant's infringement of Plaintiff's trade dress.

43. Unless restrained, Defendant will continue to use the infringing trade dress to Power Balance's great and irreparable injury, for which damages will not afford adequate relief. Power Balance is therefore entitled to an injunction ordering Defendant to cease and desist from using marks that are confusingly similar to the Oval Mark and the Word Mark and to deliver up all products bearing the infringing trade dress for destruction.

///

44. Power Balance is informed and believes and on the basis of that information and belief alleges that Defendant committed its acts of infringement willfully and maliciously in that Defendant intended by its conduct to gain business and a share of the wearable hologram market at the expense of Power Balance's profits and market share; and to create customer confusion regarding the source of "Power Band" products. Defendant's conduct justifies an award of exemplary damages.

45. Power Balance is entitled to recover its costs, including attorney's fees, under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
### (Unfair Competition and Trade Dress Infringement)
### (Against Power Force, LLC)

46. Power Balance re-alleges each and every allegation set forth in Paragraphs 1 through 45, inclusive, and incorporates them as though fully set forth by this reference herein.

47. As more fully set forth in the paragraphs above, Power Balance has adopted and used trademarks and trade dress in the marketplace, associated with its silicone hologram wristband product which has obtained secondary meaning in the marketplace such that consumers associate the use of these marks and trade dress with Power Balance.

48. Subsequent to Power Balance's use and adoption of its marks and trade dress, Defendant adopted methods of producing, marketing and selling silicone wristband products which use Power Balance trade marks and trade dress in a manner that is likely to cause confusion to the general public as to the source of Defendant's products in that the general public is likely to believe that Defendant's products originate from, or are affiliated with Power Balance, or are identical to Power Balance's products.

///

49. As a direct and proximate result of Defendant's wrongful acts as alleged in this Complaint, Defendant obtained unlawful profits to the detriment of Power Balance.

50. Unless restrained, Defendant will continue the acts and conduct set forth in this cause of action, to Power Balance's great and irreparable injury, for which damages will not afford adequate relief. Power Balance is therefore entitled to an injunction ordering Defendant to cease and desist its infringing conduct.

51. Power Balance is informed and believes and on the basis of that information and belief alleges that Defendant committed its wrongful acts willfully and maliciously in that Defendant intended by its conduct to gain business and a share of the wearable hologram market at the expense of Power Balance's profits and market share; and to create customer confusion regarding the source of "Power Band" products. Defendant's conduct justifies an award of exemplary damages.

## FOURTH CAUSE OF ACTION

**(Unfair Business Practices [Cal. Bus. & Prof. Code § 17200 et seq.])**

**(Against Power Force, LLC)**

52. Power Balance re-alleges each and every allegation set forth in Paragraphs 1 through 51, inclusive, and incorporates them as though fully set forth by this reference herein.

53. Defendant's methods of producing, marketing and selling silicone wristband products constitute unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code section 17200, in that they:

    (1) infringe Power Balance's rights in the Oval Mark and the Word Mark by using confusingly similar marks on its own products in a manner that is likely to cause confusion to the general public as to the source of Defendant's products;

///

///

(2) infringe Power Balance's rights in its trade dress by using trade dress that is confusingly similar on its own products in a manner that is likely to cause confusion to the general public as to the source of Defendant's products.

54. Power Balance has suffered injury in fact and has lost money or property as a result of Defendant's unfair competition in the form of damage to its good will, lost sales, and other actual damages.

55. The harm to Power Balance and to members of the general public outweighs the utility of Defendant's business practices.

56. The unlawful, unfair, and fraudulent business practices and false and misleading advertising of Defendant, as described in this Complaint, present a continuing threat to members of the public in that they are likely to cause confusion as to the source of Defendant's products in that the general public is likely to believe that Defendant's products originate from, or are affiliated with Power Balance, or are identical to Power Balance's products.

57. As a direct and proximate result of Defendant's wrongful acts as alleged in this Complaint, Defendant obtained unlawful profits to the detriment of Power Balance.

58. Unless restrained, Defendant will continue the acts and conduct set forth in this cause of action, to Power Balance's great and irreparable injury, for which damages will not afford adequate relief. Power Balance is therefore entitled to an injunction.

59. Power Balance is informed and believes and on the basis of that information and belief alleges that Defendant committed its wrongful acts willfully and maliciously in that Defendant intended its conduct to gain business and a share of the wearable hologram market at the expense of Power Balance's profits and market share; and to create customer confusion regarding the source of "Power Band" products. Defendant's conduct justifies an award of exemplary damages.

60. Upon proof, Power Balance is entitled to recover its costs, including attorney's fees, under California Code of Civil Procedure section 1021.5

///

## PRAYER FOR RELIEF

WHEREFORE, Power Balance prays for judgment against Defendant, as to all counts of its Complaint, as follows:

### FOR ALL CAUSES OF ACTION:

1. Actual general and compensatory damages and royalties according to proof;

2. Reasonable attorney's fees and costs of suit;

3. Pre-judgment interest on all amounts claimed as permitted by law;

4. For temporary and permanent injunctive relief:

   a. Enjoining Defendant to cease and desist from using any trademark or trade dress that is similar to Power Balance's trademarks and trade dress;

   b. Ordering Defendant to deliver up for destruction all products bearing marks or trade dress that is similar to Power Balance's trademarks and trade dress;

   c. Ordering Defendant to engage in corrective advertising to restore, to the fullest extent possible, the value of Plaintiff's marks and trade dress.

5. Restitution and disgorgement of Defendant's profits obtained through unjust enrichment;

6. Punitive or exemplary damages; and

///
///
///
///
///

7. Such other, further, and different relief as the Court may deem proper under the circumstances.

Dated: November 9, 2010

CALL & JENSEN
A Professional Corporation
David R. Sugden
Jacqueline Beaumont

By: *[signature]*
Jacqueline Beaumont

Attorneys for Plaintiff Power Balance, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

Dated: November 9, 2010

CALL & JENSEN
A Professional Corporation
David R. Sugden
Jacqueline Beaumont

By: *Jacqueline Beaumont*
Jacqueline Beaumont

Attorneys for Plaintiff Power Balance, LLC