David R. Sugden, Bar No. 218465
dsugden@calljensen.com
Jacqueline Beaumont, Bar No. 253776
jbeaumont@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Plaintiff Power Balance, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER BALANCE, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>POWER FORCE, LLC, and Does 1 through 10, inclusive,<br><br>    Defendants. | Case No. SACV10-1726 AG RNB(x)<br><br>**PLAINTIFF POWER BALANCE, LLC'S OBJECTIONS TO THE DECLARATION OF HARRIET HALL, M.D. FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE OSC RE PRELIMINARY INJUNCTION**<br><br>Date: December 8, 2010<br>Time: 9:00 a.m.<br>Place: 10D<br><br>Complaint Filed: November 9, 2010<br>Trial Date: None Set |

Plaintiff Power Balance, LLC makes the following objections to the declaration of Harriet Hall, M.D. filed by Defendant Power Force, LLC in opposition to Plaintiff's Order to Show Cause re Preliminary Injunction.

| TESTIMONY | OBJECTION |
|---|---|
| Objection to entirety of Hall's declaration and Exhibit 1. | Unqualified expert opinion; FRE 702. Dr. Hall has not attached any qualifications or resume other than her broad assertion that she is a "medical doctor." No facts are offered detailing her expertise and experience in the specific field of assessing alleged medical claims of athletic performance. *See United States v. Hankey*, 203 F.3d 1160, 1168 (expert must possess appropriate qualifications "on [the] subject matter" about which she is opining.") Other than a mere review of Power Balance's marketing, an unanswered email to Power Balance, and a citation to a television program where six participants examined the Power Force bracelet, Dr. Hall does not identify or describe scientific, statistical, or other methodologies that she used to analyze Power Force's product. She fails to establish that she has conducted any analysis in accordance with any scientific methodology. *See* FRE 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594-594 (1993). The conclusory arguments that Dr. Hall offers based on |

POW04-05:733888_1:12-7-10     - 2 -

PLAINTIFF POWER BALANCE, LLC'S OBJECTIONS TO THE DECLARATION OF HARRIET HALL, M.D. FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE OSC RE PRELIMINARY INJUNCTION

| | |
|---|---|
| | this limited material are not expert opinions of evidentiary value to this Court. Further, the opinions and claims set forth in her declaration and Exhibit 1 are objectionable on the following grounds: Hearsay; FRE 801-802. Lack of foundation and speculation; FRE 602. Lack of personal knowledge; FRE 602. Improper lay witness opinion testimony; FRE 701. Lack of relevance; FRE 402. |
| At p. 5 of Exhibit 1 attached to declaration: "Tests of the first type were actually carried out on an Australian television show called Today Tonight. During the program, Tom O'Dowd, who sells the bracelets in Australia, carried out his usual balance and strength routine with six volunteers. First he used a card supposedly embedded with the hologram, then used a bracelet. All six volunteers reported a positive reaction, but all the volunteers were aware when they came into contact with the hologram and the bracelet. Richard Saunders from the Australian Sceptics Society, who observed the demonstration, thought that the | Hearsay; FRE 801-802. Lack of foundation; FRE 602. Speculation and lack of personal knowledge; FRE 602. Lack of relevance; FRE 402. |

1  "increased arm strength" occurred because the force O'Dowd varied the angles from which he applied the force. Then the tests were repeated using six cards, without either O'Dowd or the volunteers being able to tell which card was in their pocket. Six cards were randomly placed in the pockets of the six volunteers. Only one had the card with the hologram. O'Dowd was unable to tell who it was. The same experiment was repeated using the bracelet. O'Dowd again failed. He also failed a second time when Saunders had a hologram hidden in his pocket (3). The program's moderator went out of his way to be kind, but the tests results are clear."

Dated: December 7, 2010

CALL & JENSEN
A Professional Corporation
David R. Sugden
Jacqueline Beaumont

By: */s/ Jacqueline Beaumont*
Jacqueline Beaumont

Attorneys for Plaintiff Power Balance, LLC

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On December 7, 2010, I have served the foregoing document described as **PLAINTIFF POWER BALANCE, LLC'S OBJECTIONS TO THE DECLARATION OF HARRIET HALL, M.D. FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE OSC RE PRELIMINARY INJUNCTION** on the following person(s) in the manner(s) indicated below:

Gerald A. Klein, Esq.                    **Attorneys for Defendant**
Klein & Wilson
326 Old Newport Blvd.
Newport Beach, CA 92663
Fax: 949-631-3703
Tel.: 949-631-3300
klein@kleinandwilson.com

[ X ] (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ ] (BY MAIL) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] (BY OVERNIGHT SERVICE) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a

properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ] (BY E-MAIL) I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(es) indicated.

[ X ] (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ ] (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on December 7, 2010, at Newport Beach, California.

*s/Jacqueline Beaumont*