UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING PRELIMINARY INJUNCTION**

Plaintiff Power Balance LLC ("Plaintiff") filed a complaint predicated on trademark infringement against Defendant Power Force LLC ("Defendant"). The Court set an Order to Show Cause hearing why a preliminary injunction should not issue. The Court previously denied Plaintiff's request for a temporary restraining order and expedited discovery, but the Court now considers Plaintiff's preliminary injunction application ("Application"). After reviewing all papers and arguments submitted, the Court GRANTS the preliminary injunction.

**FINDINGS OF FACT**

The Court makes the following findings of fact from admissible evidence, including any findings of fact in the conclusions of law. Plaintiff was formed in August 2009. (Declaration of Rick Lam in Support of Ex Parte App. ("Lam Decl.), ¶ 1.) The most popular product sold by Plaintiff is a silicone hologram wristband. (Id., ¶ 3.) Plaintiff identifies and distinguishes its wristbands with three distinctive forms of trademarks and trade dress. (Id.) First, Plaintiff marks its wristbands with a distinctive logo in the shape of a circular hologram encompassed by an ovalized diamond shape, which is enclosed on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

either side by raised brackets ("Oval Mark"). (Id.) Second, Plaintiff marks its goods with a logo in the form of a distinctive, stylized, capitalized, and raised silicone two-word phrase, "Power Balance," separated by a dot ("Word Mark"). (Id.) Third, Plaintiff's trade dress consists of (a) a distinctive shape where the wristband widens to encompass two of the Oval Marks on opposite sides of the band, (b) the Oval Marks themselves, and (c) the Word Mark on the side of the wristband between the two Oval Marks. (Id.) Other than the non-visible process applied to the two holograms, the trade dress and trademarks are non-functional. (Id.) The Power Balance silicone wristband now has widespread popularity and visibility. (Id., ¶ 5.) Plaintiff has invested heavily to maintain its reputation and goodwill through high-profile media coverage. (Id.)

Defendant also manufactures and sells silicone wristbands. Defendant ionizes their silicone wristbands, which "could help bring out the power of everyone's inner force." (Declaration of Guy Savage in Support of the Preliminary Injunction ("Savage Decl."), ¶ 14-16.) Almost all of Defendant's products have a metallic sticker of a university logo encased in silicone as the most prominent feature on the front, back, and sides of the band. (Id., ¶ 18.) Defendant markets towards university students, alumni, and fans looking to show support for their universities. (Id., ¶ 33.) A person named Brittany Leonard, who is a friend of one of Defendant's principals, allegedly designed the band for Defendant. (Id., ¶ 35.) Leonard looked up other silicone bracelet designs online. (Leonard Decl., ¶ 6, Ex. 1.) She "used elements of the bands [she] liked best" in designing the Defendant's bracelet. (Id., ¶ 6.)

Defendant has negotiated over 100 exclusive licensing agreements with universities at a total cost of over $4 million. (Savage Decl., ¶ 20.) These licensing agreements give Defendant the right to use a university's logo on its wristbands. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

**PRELIMINARY MATTERS**

Both parties submitted numerous evidentiary objections. The Court finds that many of these objections concern issues that are not necessary for the resolution of the preliminary injunction issue. In motions with numerous objections, judicial economy sometimes precludes a court from methodically scrutinizing each objection and providing a full analysis of each argument raised. *Doe v. Starbucks, Inc.*, No. SACV 08-0582 AG (CWx), 2009 WL 5183773, at *1 (C.D.Cal. Dec. 18, 2009). To the extent the Court relied on evidence under objection, the Court overrules those objections and therefore relies only on admissible evidence.

**CONCLUSIONS OF LAW**

The Court makes the following conclusions of law, including any conclusions of law in the findings of fact.

**LEGAL STANDARD**

A preliminary injunction is a provisional remedy issued before final disposition of the litigation. Its function is to preserve the status quo and prevent irreparable loss of rights before judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984). It is a "drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.* , 995 F.2d 1566, 1568 (Fed. Cir. 1993). The Supreme Court recently set forth the standard for preliminary injunctions in *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). Even more recently, the Ninth Circuit set forth the standard for preliminary injunctions in *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045 (9th Cir. 2010). These standards are applied in the Conclusions of Law section.

Plaintiff's complaint alleges four claims, numbered as follows: (1) trademark infringement; (2) trade dress infringement; (3) unfair competition; and (4) unfair business practices. In reviewing this Application, the Court looks to the likelihood of success on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

the merits of the first two claims, for trademark infringement and trade dress infringement. A party seeking an injunction need not demonstrate likelihood of success on the merits of all claims. Here, an injunction is warranted because the *Winter* standards are met. *Winter*, 129 S.Ct. at 374 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). These four factors will be reviewed, followed by a review of the unclean hands issue.

**1.      LIKELIHOOD OF SUCCESS ON THE MERITS**

A plaintiff may show that it is likely to succeed on the merits of its trademark infringement claim under the Lanham Act by establishing that (1) it has a "valid, protectable trademark," and (2) defendant's "use of the mark is likely to cause confusion." *See Applied Info. Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). The Court now turns to these two prongs.

**1.1     Valid, Protectable Mark**

Plaintiff has no registered trademarks. But the Lanham Act protects both registered and unregistered trademarks. To determine whether a mark may be protected even without registration, the court considers whether the mark would meet the requirements for registration. *Kendell-Jackson Winery, Ltd. v. E.&J. Gallo Winery*, 150 F.3d 1042, 1047, n.7 (9th Cir. 1998). To be protected as a trademark, the mark must be distinctive. Id. Marks that are arbitrary or fanciful are most distinctive, and marks that are generic are least distinctive. Descriptive marks are only distinctive if they have acquired a secondary meaning. *Id*. "If a consumer must use imagination or any type of multistage reasoning to understand the mark's significance, then the mark does not describe the product's features, but suggests them. Such a mark is therefore classified as 'suggestive' rather than 'descriptive.'" *Id.* at 150 F.3d at 1047, n.8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

Plaintiff's trademarks – the Oval Mark and the Word Mark – are distinctive and therefore protectable as trademarks. The Oval Mark is arbitrary and fanciful, because a hologram is not necessary for a bracelet and is not generally relevant to a bracelet. The Oval Mark is therefore distinctive. The Word Mark is suggestive but not descriptive. Defendants unsuccessfully argue that the Word Mark is descriptive because "it does not take too long to look at the name and figure out the characteristics of the product behind the label." (Opp'n at 14:15-16.) But a descriptive mark usually describes directly the product itself, such as Honey-Baked Ham. *Kendell-Jackson*, 150 F.3d at 1048, n.8. Here, the product itself is a silicone bracelet with a hologram. A word mark of "Silicone Bracelet" would be descriptive, but the word mark "Power Balance" by itself tells the consumer nothing about what the product is.

Instead, the Word Mark is suggestive because it requires a fair bit of imagination to get from the words "Power Balance" to a silicone bracelet. *See McCarthy on Trademarks and Unfair Competition*, § 11:67 (4th ed. 2009) ("The more imagination that is required on the customer's part to get some direct description of the product from the term, the more likely the term is suggestive, not descriptive.") The Word Mark is not arbitrary. Arbitrary marks are words that are common but which "when used with the goods or services in issue, neither suggest nor describe any ingredient, quality or characteristic of those goods or services." Id. at § 11:11. Because the words "power" and "balance" describe supposed benefits of the Plaintiff's bracelet, the Word Mark is not arbitrary. But as a suggestive mark, the Word Mark is distinctive.

Thus, both the Word Mark and the Oval Mark are distinctive marks subject to protection under the Lanham Act.

Plaintiff's trade dress is also distinctive. To succeed on a trade dress infringement based on product design, Plaintiff must show that the product design has attained secondary meaning. *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009). Secondary meaning can be established "in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc*., 198 F.3d 1143, 1151 (9th Cir. 1999). Here, there is evidence of intentional copying by the Defendant because the product image on Defendant's website is nearly identical to the product image on Plaintiff's website. (Lam Declaration, Ex. 1.) Plaintiff has also supplied evidence of media reporting that connects Power Balance to the wristbands, and evidence that Power Balance bracelets are "everywhere, from the NBA Finals to the Super Bowl, in gyms and on playgrounds." (Lam Decl., Exs. 4, 5, 6.) Defendant provides no evidence sufficient to overcome Plaintiff's showing of a secondary meaning for their trade dress. Therefore, Plaintiff's trade dress has a secondary meaning and is protectable.

Thus, the Court turns to the second prong for showing likelihood of success on a trademark infringement claim: likelihood of confusion.

### 1.2   Likelihood of Confusion

"Where . . . one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of likelihood of confusion." *Polo Fashions, Inc. v. Craftex, Inc*., 816 F.2d 145, 148 (4th Cir. 1987). Based on the side-by-side images of both parties' products, the overwhelming similarity – nay, the identicality – shows an apparent attempt by Defendant to copy Plaintiff's design. The Court presumes the likelihood of confusion for the trademark and trade dress claims.

Nonetheless, for the sake of thorough and fair analysis, the Court will also address the Ninth Circuit's test for likelihood of confusion. The Ninth Circuit considers the following factors, known as *Sleekcraft* factors, in determining whether likelihood of confusion exists: (1) strength of the mark, (2) proximity or relatedness of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) degree of care customers are likely to exercise in purchasing the goods, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion into other markets. *AMF Inc.*

CIVIL MINUTES - GENERAL
Page 6 of 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

*v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979); *Moroccanoil, Inc. v. Moroccan Gold, LLC*, 590 F.Supp.2d 1271, 1277 (C.D. Cal. 2008).

### 1.2.1   Strength of the Mark

As discussed above, the two trademarks are strong.  The Oval Mark is arbitrary, and the Word Mark is at least descriptive.  Both of those categories of marks are distinctive and subject to protection.  Plaintiff's trade dress is also distinctive and has acquired secondary meaning.  This factor weighs in favor of likelihood of confusion.

### 1.2.2   Proximity or Relatedness of the Goods

Related goods are those products that "would be reasonably thought by the buying public to come from the same source if sold under the same mark."  *Sleekcraft*, 599 F.2d at 348 n. 10.  The goods here are very closely related.  Plaintiff sells a silicone bracelet, and Defendant also sells a silicone bracelet (that looks nearly identical).  Customers would reasonably think they were sold by the same company because of the similarity in design.

Defendant argues that the goods are different because Defendant only sells bracelets with university logos, except for one charity bracelet without such a logo.  (Opp'n at 18:19-20.)  And Defendant argues that the goods are different because Plaintiff makes medical claims about power and balance, while "consumers purchases [Defendant's] products are interested in only one thing – the university affiliation."  (Opp'n at 16:3-4.)

But these divisions are not as crisp as Defendant would like to argue.  First, Defendant does sell some products without university logos, as it acknowledges.  (Savage Decl., ¶ 18.)  Second, Plaintiff also sells some silicone hologram bracelets with university affiliations.  (Savage Decl., ¶ 21.)  And third, both Plaintiff and Defendant make quasi-medical claims.  As stated by Guy Savage, a principal of Defendant, "I then looked at the art of ionizing the wristbands, which I thought would make the wristbands more desirable to people who believed ionized bands play a role in helping people harness internal energy.  . . . Force does not make *any medical claims other than* the general claim that an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

ionized silicone wristband could help bring out the power of everyone's inner force." (Savage Decl., ¶¶ 14-16) (emphasis added). The products sold by Plaintiff and by Defendant are closely related.

This factor weighs in favor of likelihood of confusion.

### 1.2.3 Similarity of the Marks

The greater the similarity of the marks, the greater the likelihood of confusion. *Entrepreneur Media v. Smith*, 279 F.3d 1135, 1144 (9th Cir. 2002). The Ninth Circuit has developed the following three principles that courts should consider when conducting the "similarity" analysis: (1) the marks must be considered in their entirety and as they appear in the marketplace, (2) similarity is judged in terms of appearance, sound, and meaning, and (3) similarities are weighed more heavily than differences. *See id*.

Defendant argues that "[t]here are only so many ways to skin a cat," (Opp'n at 3:10), as justification for why the parties' products look so similar. But Defendant is actually arguing there is only one way to skin a cat, which is contrary to proverb and contrary to fact.

The parties' products are virtually identical except for the university logos on almost all of Defendant's bracelets. (Lam Decl., Ex. 1.) Defendant acknowledges that, in designing its own product, it used "elements" of the designs of other bands. (Leonard Decl., ¶ 5-7.) Defendant does not, however, acknowledge that the designs are virtually identical, and instead Savage contends that "[t]here were obvious limitations to the design," which apparently forced Defendant to copy Plaintiff's design. (Savage Decl., ¶ 36.)

Defendant admitted at oral argument that the one bracelet sold by Defendant without a university logo *would* be subject to an injunction. Defendant thus seems to argue that the single difference between the parties' products, the university logo, is the only distinction buttressing their arguments against an injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

There are many ways to design a silicone bracelet with a logo on it. In fact, Defendant provides examples of many other designs that accomplish the same goal as what Defendant sought to do with its bracelet. *See* Romero Decl, Ex. 7.

Because the products are nearly identical without satisfactory explanation or justification, this factor weighs strongly in favor of likelihood of confusion.

### 1.2.4   *Actual Confusion*

Plaintiff has not supplied evidence of actual confusion. But "[b]ecause of the difficulty in garnering such evidence, the failure to prove instances of actual confusion is not dispositive." *Sleekcraft*, 599 F.2d at 352. A preliminary injunction necessarily is sought in the early stages of litigation, when such evidence likely has not yet been fully developed.

Defendant presents evidence of a survey conducted by Force at the SEC Finals football game. (Savage Decl., ¶ 49-52.) Savage contends, "Despite the fact that Balance and Force were at the same venue, not a single person asked me whether the companies were related in any way." (Id. at ¶ 51.) But Defendant provides no information about how the survey was conducted, what questions were asked, how respondents were chosen, or any other information to show that the survey results are at all reliable.

This factor is neutral on the issue of likelihood of confusion.

### 1.2.5   *Marketing Channels*

Defendant argues that it has an "exclusive, single market." (Opp'n at 3:15.) But as discussed previously, the lines between Plaintiff's market and Defendant's market are blurry. *See* Section 1.2.2. And as the Savage Declaration makes clear, Plaintiff and Defendant sometimes sell their products at the same venues. (Savage Decl., ¶ 51.)

This factor weighs in favor of likelihood of confusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

### 1.2.6  Customer Care

"In analyzing the degree of care that a consumer might exercise in purchasing the parties' goods, the question is whether a 'reasonably prudent consumer' would take the time to distinguish between the two product lines." *Surfvivor Media, Inc. v. Survivor Prod.*, 406 F.3d 625, 634 (9th Cir. 2005) (internal citation omitted).  The products here are silicone wristbands that cost less than $30.  Plaintiff argues, and the Court agrees, that these "are not the kind of items that a person would spend hours investigating prior to purchase." (Application at 16:9-10.)  Rather, the products are more likely to be impulse purchases without much customer care and analysis of the product's origins.

This factor weighs in favor of likelihood of confusion.

### 1.2.7  Defendant's Intent

There is evidence that Defendant copied Plaintiff's design.  It is impossible to imagine how the image of Defendant's product on its website would look virtually identical to Plaintiff's product, other than through intentional copying and digital manipulation of the image.  Defendant half-heartedly argues that the "design features are functional" and there "were obvious limitations to the design" of their bracelets.  (Savage Decl. at ¶¶ 32, 36.)  But Defendant does not – and the Court believes cannot – show that it developed its design independently or that it copied the image unintentionally.

This factor weighs heavily in favor of likelihood of confusion.

### 1.2.8  Expansion Into Other Markets

Plaintiff offers products other than silicone bracelets.  Defendant has advertised in its press releases that it plans on expanding its products to include ankle bracelets, other arm bracelets, and terry cloth sweatbands.  (Dailey Decl., ¶ 6, Ex. 3.)  Both parties are relatively new companies and are likely to seek expansion into other markets.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

This factor weighs in favor of likelihood of confusion.

### 1.2.9 *Conclusion on Likelihood of Confusion*

The Court finds that there is a likelihood of confusion.

### **1.3 Conclusion on Success on the Merits**

The Court finds Defendant has demonstrated likelihood of success on the merits. The Court now turns to the other factors in deciding a motion for preliminary injunction.

### **2. IRREPARABLE HARM**

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). If Defendant continues using a similar mark, Plaintiff stands to lose the "investment and competitive position" it has acquired through its trademark. *Apple Computer, Inc. v. Formula Int'l, Inc*., 725 F.2d 521, 525 (9th Cir. 1984). This damage is not easily compensable through monetary damages if a preliminary injunction is not granted and Plaintiff later prevails. There is a risk of irreparable harm to Plaintiff in the absence of a preliminary injunction.

### **3. BALANCING OF EQUITIES**

Balancing of the equities favors granting the preliminary injunction for numerous reasons. Plaintiff has shown incompensable damage in the absence of an injunction and Defendant has other options for product designs. Defendant argues that it "negotiated over 100 exclusive licensing agreements with universities at a cost of over $4 million." (Savage Decl, ¶ 20.) But these licenses need not go to waste due to an injunction, because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

Defendant could use the university logos on a non-infringing silicone bracelet. Defendant also claims potential harm from the "approximately 700,000 wristbands which could not be sold if a sweeping injunction were issued." (Savage Decl., ¶ 58.) Defendant assumed the risk of loss when it continued producing bracelets after receiving a cease and desist letter from Plaintiff, and also after Defendant chose to blatantly copy Plaintiff's design. The Court knows of nothing precluding Defendant from seeking a license from Plaintiff or another agreement.

The balancing of the equities tips in favor of granting the preliminary injunction.

**4.      PUBLIC INTEREST**

"In trademark cases, this factor is often addressed in terms of the public's right 'not to be deceived or confused." *Moroccanoil*, 590 F.Supp.2d at 1282 (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 198 (3d Cir. 1990). Plaintiff has shown that it has spent a significant amount of money and time to have the public associate its products with its distinctive trademarks and trade dress. By selling a confusingly similar product, Defendant would deprive the public of their ability to distinguish among the products of different companies. The public has the right not to be deceived or confused, and the Court finds that a preliminary injunction is in the public's interest.

**5.      UNCLEAN HANDS**

Defendant argues that the doctrine of unclean hands is a defense to the issuance of a preliminary injunction under the Lanham Act. (Opp'n at 20:10-11.) Defendant claims that Plaintiff has unclean hands because Plaintiff alleged health benefits from its silicone hologram bracelets. Defendant cites only one case to support this argument: *Beijing Tong Ren Tang (USA) Corp. v. TRT USA Corp.*, 676 F.Supp.2d 857 (N.D. Cal. 2009). "To

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

prevail [on the defense of unclean hands], the defendant must demonstrate that the plaintiff's conduct is inequitable, and that the conduct relates to the subject matter of its claims. . . . The nature of the required relationship to the subject matter is based on the principles of equity that underlie the doctrine of unclean hands." *Id.* at 861.

But here, Plaintiff's supposed conduct – touting the specious benefits of its products – is not related to the subject matter of its claims – trademark infringement by Defendants. Further, even assuming that the unclean hands defense would apply against the Plaintiff, Defendants cannot raise this defense when their own hands are unclean. *See Seller Agency Council, Inc. v. Kennedy Center for Real Estate Education*, 621 F.3d 981, 986 (9th Cir. 2010). At one time Defendants published a press release about the health benefits of their bracelets, which they later removed from their webpage. (Declaration of Tom Dailey in Support of Ex Parte App., Ex. 3.) But, as confirmed at oral argument, Defendants never affirmatively retracted their statements, nor did they issue a disclaimer of any medical benefits. Defendants' hands, sullied by the same alleged misconduct as Plaintiff's hands, cannot assert an equitable defense.

The unclean hands defense is not a bar to the preliminary injunction.

6.     BOND

Plaintiff suggests that "the posting of a significant bond is inappropriate . . . and requests that any bond be modest." (Application, 20:27-21:4.) Before oral argument, Defendant did not address the issue of an appropriate bond. Although the Court never requested nor authorized additional briefing, both parties submitted papers on the amount of the bond. Defendant submitted a Declaration of Guy Savage Relating to Amount of Bond (Dkt. #

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1726 AG (MLGx)** | Date | December 14, 2010 |
|---|---|---|---|
| Title | POWER BALANCE LLC v. POWER FORCE LLC, et al. | | |

29), requesting a $26,000,000 bond. Plaintiff challenged that request in its Sur-Reply in Response to Declaration of Guy Savage (Dkt. # 30), and Plaintiff requested a bond of $10,000. After reviewing the papers and arguments submitted, the Court ORDERS a bond of $500,000.

**DISPOSITION**

The Court GRANTS the preliminary injunction with a $500,000 bond, and the Court will issue the Order filed as Document 28 with some modifications.

: 0

Initials of
Preparer           lmb