David R. Sugden, Bar No. 218465
dsugden@calljensen.com
Jacqueline Beaumont, Bar No. 253776
jbeaumont@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:  (949) 717-3000
Fax:  (949) 717-3100

Attorneys for Plaintiff Power Balance, LLC

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC 14 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER BALANCE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>POWER FORCE, LLC, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV10-1726 AG (RNBx)<br><br>[PROPOSED] ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br><br><br>Complaint Filed:  November 9, 2010<br>Trial Date:  None Set |

## FINDINGS OF FACT AS TO TEMPORARY RESTRAINING ORDER, ORDER FOR EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION

This matter came on before the undersigned on Plaintiff Power Balance LLC's ("Plaintiff" or "Power Balance") *Ex Parte* Application for Temporary Restraining Order, Order Regarding Expedited Discovery, and Order to Show Cause Re:

Preliminary Injunction against Defendant Power Force LLC ("Power Force" or "Defendant"), on December 8, 2010 at 9:00 a.m. Plaintiff and Defendant were represented by counsel of record in this action. Upon consideration of Plaintiff's Application, supporting, opposing, and reply papers, and the relevant facts, the Court makes the following findings of fact:

**IT APPEARS THAT:**

1. Plaintiff is likely to succeed on the merits of its claim for infringement of trademark and infringement of trade dress under the Lanham Act because:

    a. Plaintiff will likely prove that it is the owner of valid trademarks consisting of (1) an inherently distinctive mark consisting of a circular hologram set within an ovalized diamond shape and encompassed on either side by brackets (the "Oval Mark") and (2) an inherently distinctive mark consisting of a capitalized, stylized, two-word phrase ("Power Balance") separated by a dot (the "Word Mark").

    b. Plaintiff will likely prove that it is the owner of valid trade dress in its 100% silicone hologram wristbands consisting of (1) a distinctive shape whereby the wristband widens in two places opposite each other to accommodate two Oval Marks, (2) the Oval Marks, and (3) the Word Mark featured on the side of the wristband between the two Oval Marks (collectively, Plaintiff's "trade dress");

    c. Plaintiff will likely prove that the trade dress has acquired secondary meaning through evidence of Plaintiff's advertising efforts, extensive sales, celebrity endorsements, use by famous athletes, and extensive media coverage.

    d. Plaintiff will likely prove that the trade dress is nonfunctional.

    e. Plaintiff will likely prove that, subsequent to Plaintiff's use in commerce of its trademarks, Defendant used in commerce marks

similar to Plaintiff's Oval Mark and Word Mark that are likely to confuse consumers as to the source of the goods, the affiliation of the goods or of Defendant with Plaintiff, and/or the qualities and characteristics of the goods.

f. Plaintiff will likely prove that, subsequent to Plaintiff's trade dress acquiring secondary meaning, Defendant developed a silicone wristband bearing trade dress that is confusingly similar to Plaintiff's trade dress.

g. Plaintiff will likely prove that the trade dress of Defendant's product is likely to confuse or mislead consumers as to the origin, qualities, or characteristics of the products, or as to the affiliation of the products with Plaintiff or between Plaintiff and Defendant.

2. Plaintiff is likely to succeed on its claim for ~~unfair competition and~~ trade dress infringement for the same reasons as shown above.

~~3. Plaintiff is likely to succeed on its claim for Unfair Business Practices because~~

   ~~a. Plaintiff is likely to prove that Defendant's methods of producing, marketing, and selling silicone wristbands were in violation of the law.~~

   ~~b. Plaintiff is likely to prove that it lost money or property as a result of Defendant's unfair competition.~~

3. There is a high probability that Plaintiff will be irreparably injured if Defendant is not enjoined from continuing its infringing activities, because Plaintiff has established a likelihood of confusion, which will irreparably harm Plaintiff's reputation and good will in its trademarks and trade dress.

4. The balance of hardships tips in Plaintiff's favor, since Plaintiff will suffer irreparable harm and Defendant will not suffer significant injury through entry of the requested relief.

5.  The public interest favors the issuance of a temporary restraining order because Defendant's infringing activities are likely to cause confusion on the part of consumers as to the source, qualities, and characteristics of Defendant's products and are likely to cause confusion as to the affiliation of Defendant and/or Defendant's products with Plaintiff.

## ORDER

Upon consideration of Plaintiff's Application, supporting, opposing, and reply papers, papers, and the relevant facts, and the findings of fact made above,

**IT IS THEREFORE ORDERED:**

TO DEFENDANT POWER FORCE, LLC:

YOU, and all your servants and agents, employees, officers, partners, attorneys, and all persons acting in active concert or participation with you or them, (who receive actual notice of this Order), ARE HEREBY RESTRAINED AND ENJOINED PENDING TRIAL OF THIS ACTION FROM:

(1) Advertising, selling, offering for sale, marketing, distributing, selling, exposing, shipping, mailing, listing, taking orders for, promoting, ~~buying~~ ordering, exhibiting, destroying, or in any manner disposing of products or aiding in any way the advertising, selling, offering for sale, marketing, distributing, selling, exposing, shipping, mailing, listing, taking orders for, promoting, ~~buying~~ ordering, exhibiting, destroying, or in any manner disposing of products that bear marks or trade dress that are confusingly similar to trademarks and trade dress belonging to Plaintiff, including, specifically, a thin, 100% silicone wristband which widens into ovalized shapes in two places on opposite sides of the band and which each contain a circular logo within a raised ovalized diamond shape, and also bearing the stylized, capitalized, two-word phrase "Power Force" separated by a dot and featured on the side of the wristband, or any confusingly similar or colorable variations, copies, or versions thereof;

///

(2) Producing, manufacturing, assembling, reproducing or assembling or aiding in any way the producing, manufacturing, assembling, reproducing or assembling of any goods which bear any confusingly similar variations of Power Balance's Oval Mark, Word Mark, or trade dress consisting of (a) a distinctive shape wherein the wristband widens in two places on opposite sides of the band to accommodate two Oval Marks, (b) the Oval Marks, and (c) the Word Mark featured on the side of the wristband between the two Oval Marks, or any confusingly similar or colorable variations, copies, or versions thereof;

~~(3) Buying, selling or in any way dealing with or using goods which bear a copy of Power Balance's trademarks or trade dress as described above, or any confusingly similar or colorable variations, copies, or versions thereof;~~

~~(4) Otherwise infringing Power Balance's rights at common law; and~~

(3) Destroying, removing, overwriting, transferring possession of, deleting, selling, hiding, secreting, or otherwise disposing of any evidence related to Power Force, Power Balance, wristbands, or the claims and facts involved in this action.

[This Order shall be effective upon Plaintiff's deposit of a cashier's check with the Clerk of this Court, pursuant to Local Rule 65-10, in the amount of $500,000.]

**IT IS SO ORDERED**

Dated: December 14, 2010

United States District Judge,
Hon. Andrew J. Guilford